# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EARL L. JONES,**

        **Plaintiff,**

**v.**                                            **CIV. No. 99-797 JP/LFG**

**GENERAL MOTORS CORPORATION
ET AL.,**

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before me *sua sponte*. On July 19, 1999, *pro se* Plaintiff Earl L. Jones filed a Notice of Removal in federal district court. After reviewing the Notice of Removal and the applicable law, I conclude that this case should be remanded to the Fifth Judicial District Court, County of Lea, State of New Mexico.

## LEGAL STANDARD

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

**DISCUSSION**

Plaintiff, who is apparently displeased with both the attorney who represented him in state court and the judge who presided over his trial,[1] seeks removal to federal district court under 28 U.S.C. §§ 1441 and 1443.[2]  (Notice of Removal at 1.)  Under these statutes, however, it is the defendant, not the plaintiff, who may remove from state court to federal district court.  *See* 28 U.S.C. § 1441(a) (civil actions may be removed "by the *defendant* or the *defendants*") (emphasis added); 28 U.S.C. § 1443 ("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the *defendant*" to federal district court) (emphasis added); *see also* 28 U.S.C. § 1446(a) (setting forth the procedure for removal of a civil action or criminal prosecution by "[a] *defendant* or *defendants*").  The case law also states that only defendants may remove to federal district court.  *See Shamrock Oil*, 313 U.S. 100 (only defendants may remove under Section 28 of the Judicial Code); *Colorado v. Lopez*, 919 F.2d 131 (10th Cir. 1990) (denying defendant's removal petition under 28 U.S.C. § 1443); *see also* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.15 [3][b][ii](3d ed. 1999) ("A *defendant* who is denied or cannot enforce his or her civil rights in state court" may remove under 28 U.S.C. § 1443) (emphasis added) and ¶ 107.11[2] ("The general removal statute does not permit plaintiffs to remove an action that they filed in state court.  Thus, a plaintiff who elected state court jurisdiction when filing the complaint may not subsequently remove the action to federal court, even if a counterclaim would treat the plaintiff as a defendant under state law.").

---

[1] Although Plaintiff apparently was represented by counsel in state court, he is now *pro se*.

[2] Plaintiff also requests a new trial in federal district court.  (Notice of Removal at 1.)

I CONCLUDE that this case should be remanded to the Fifth Judicial District Court, County of Lea, State of New Mexico.

/s/ James A. Parker
**UNITED STATES DISTRICT JUDGE**